UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE EDWARD HICKS, | No. 2:14-cv-0669 LKK DAD PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Plaintiff, Tyrone Edward Hicks, is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On August 8, 2014, the parties appeared before the court for hearing of defendants' motion to dismiss plaintiff's first amended complaint. Attorney Kelly Trujillo appeared telephonically on behalf of the defendants. Plaintiff Tyrone Hicks appeared in person on his own behalf.

Defendants' motion asserts that plaintiff's claim for punitive damages against the City of Vallejo, as well as any state law claims brought by plaintiff against any defendant, must be dismissed as a matter of law. (Dkt. No. 9.) In his opposition, filed on July 7, 2014, plaintiff did not address defendants' arguments, but instead argued merely that he had a right to file a "complaint for federal claims in federal court." (Dkt. No. 12 at 2.) At the August 8, 2014 hearing on defendant's motion to dismiss plaintiff stated no opposition to the dismissal of his claim for

1

punitive damages against the City of Vallejo or to the dismissal of any state law causes of action for unlawful prosecution.  Plaintiff, however, requested leave to file a second amended complaint to attempt to state a federal constitutional claim based upon the alleged unlawful towing of his vehicle.[1]

Defendants' motion to dismiss will be granted with plaintiff being granted leave to file a second amend complaint with respect to his federal claims for false arrest, excessive use of force and the unlawful towing of his vehicle.  All of the claims which plaintiff wishes to proceed upon must be alleged in his second amended complaint.  Although not raised in the parties' papers or at the August 8, 2014 hearing, plaintiff will also be granted leave to amend with respect to his Monell claim.  The court notes that plaintiff explicitly asserted in his first amended complaint that he would "be seeking damages for 'Monell claims' against the City of Vallejo for their longstanding, practice, policy or custom of allowing Vallejo Police Officers to use excessive force."  (Am. Compl. (Dkt. No. 4) at 5.)

With respect to his specific claims, plaintiff is advised that to state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment based upon the alleged excessive use of force, a complaint must allege that the amount of force used by a police officer was not objectively reasonable in light of the totality of the circumstances facing the officer, taking into account a range of factors to assess the amount of force used and the governmental interests at stake.  See Graham v. Conner, 490 U.S. 386, 396 (1989); Moss v. U.S. Secret Service, 711 F.3d 941, 966 (9th Cir. 2013). "[T]he most important single element" of the Graham framework is "whether the suspect poses an immediate threat to the safety of the officers or others."  Moss, 711 F.3d at 966 (quoting Chew v. Gates, 27 F.3d 1432, 1441 (9th Cir. 1994)).

To state a cognizable federal claim for unlawful seizure based upon a false arrest a complaint must allege facts showing that the defendant "by means of physical force or show of authority . . . in some way restrained the liberty of" the identified plaintiff.  Graham, 490 U.S. at 395, n. 10 (citing Terry v. Ohio, 392 U.S. 1, 19, n. 16 (1968) and Brower v. County of lnyo, 489

---

[1] Defendants did not move to dismiss plaintiff's constitutional claims based upon his allegations of false arrest and the excessive use of force against him.

U.S. 593, 596 (1989)).  "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959, 964-65 (9th Cir. 2001).

With respect to any municipal liability claim he seeks to bring, plaintiff is advised that a municipality may be liable under § 1983 where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy," pursuant to the decision in Monell v. Department of Social Services, 436 U.S. 658, 6994 (1978).  Municipal liability in a § 1983 case may be premised upon:  (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate."  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

The Ninth Circuit has "long recognized that a custom or practice can be 'inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'"  Hunter v. County of Sacramento, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (quoting Nadell v. Las Vegas Metro. Police Dep't, 268 F.3d 924, 929 (9th Cir. 2001)).  See also Hunter v. County of Sacramento, No. 2:06-cv-0457 GEB EFB, 2013 WL 3968663, at *4 (E.D. Cal. July 31, 2013) ("Likewise, a county custom or practice may be inferred from evidence of repeated, but unreprimanded, constitutional violations.").  Such a so-called Monell claim, however, must "contain sufficient allegations of underlying facts to give fair notice" and those factual allegations "taken as true must plausibly suggest an entitlement to relief . . . ."  AE ex rel Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Finally, with respect to any constitutional claim plaintiff wishes to bring based upon the alleged unlawful towing of his vehicle, plaintiff is advised that "[t]he impoundment of an automobile is a seizure within the meaning of the Fourth Amendment."  Miranda v. City of

3

Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).  However, the Fourth Amendment allows for the impoundment of a vehicle "under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." Id. at 865.  "'Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft.'" Ramirez v. City of Buena Park, 560 F.3d 1012, 1025 (9th Cir. 2009) (quoting Miranda, 429 F.3d at 864).  See also South Dakota v. Opperman, 428 U.S. 364, 369 (1976) ("The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."); United States v. Cervantes, 703 F.3d 1135, 1142 (9th Cir. 2012) (community caretaking exception did not justify impoundment of vehicle that had been "appropriately pulled to the curb" in a residential neighborhood); Mateos-Sandoval v. County of Sonoma, 924 F. Supp.2d 890, 910 (N.D. Cal. 2013) (rejecting community caretaking argument on motion to dismiss where complaint alleged vehicle was stopped in a safe, legal location and not blocking traffic).

With respect to the general requirements of his second amended complaint, plaintiff is advised that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Plaintiff is cautioned, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

4

Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

In the second amended complaint plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Moreover, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the first amended complaint just as the first amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in the second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. The second amended complaint must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' June 16, 2014 amended motion to dismiss (Dkt. No. 9) is granted.

2. Plaintiff is granted twenty-eight days from the date of this order to file a second amended complaint as discussed above.

/////

3. If any defendant named in the first amended complaint is named as a defendant in the second amended complaint filed by plaintiff, that defendant shall respond to the pleading within twenty-one days after it is filed and served.

4. Plaintiff is cautioned that the failure to timely file a second amended complaint may result in a recommendation that this action be dismissed for failure to comply with the court's order and for failure to prosecute this action.

Dated:  August 13, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\hicks0669.oah.080814.ord.docx