UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE EDWARD HICKS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:14-cv-0669 CKD PS (TEMP)<br><br><br><br>ORDER |

Pending before the court is plaintiff's motion for reconsideration of the court's January 22, 2016 protective order. Specifically, plaintiff seeks reconsideration of the protective order's paragraph number 6 and paragraph number 10.

Paragraph number 6 provides that:

> In the event that either party wishes to file Confidential Material with the court, as an exhibit to a pleading or otherwise, the filing party shall first seek an order to file under seal pursuant to Local Rule 141. The Request to Seal Documents shall refer to this stipulation and protective order.

(Dkt. No. 45 at 3.) Plaintiff argues that the responsibility for seeking an order to file documents under seal should be the burden of defendants because it is defendants who wish to keep the documents confidential. (Dkt. No. 53 at 4.) Plaintiff proposes instead that the party intending to file confidential information first notify all other parties and then any party may request that the documents be filed under seal. Plaintiff cites to Cathey v. City of Vallejo, et al., No. 2:14-cv-

1

1749 JAM AC PS (E.D. Cal. Dec. 4, 2015), in support of his argument.  Defendants argue in opposition simply that plaintiff has failed to make a showing that warrants reconsideration.  (Dkt. No. 67 at 3.)

In drafting paragraph number 6 it was the court's intention that the requirement that plaintiff first seek an order to file confidential material under seal would more quickly notify all involved of plaintiff's intention to file confidential material.  The court anticipated that, thereafter, if defendants agreed that such documents should be filed under seal, defendants would argue in support of filing the documents under seal.  In this regard, it was never the court's intention that plaintiff alone bear the burden of demonstrating that confidential material should be filed under seal.  Nor was it the court's intention that a party would be prevented from filing a document that the court found should not be filed under seal.

However, the court is persuaded by plaintiff's argument and the decision in <u>Cathey</u>, that plaintiff's proposed alteration to paragraph number 6 more closely complies with the intentions of the court.  Accordingly, plaintiff's motion for reconsideration is granted as to this request.

With respect to paragraph number 10, that paragraph provides that:

> Prior to the release of Confidential Material, defendants shall redact any birth dates, social security numbers, driver's license numbers and home addresses, while providing plaintiff with a log containing identifying numbers corresponding to the officer names that have been redacted.

(Dkt. No. 45 at 10.)  Plaintiff argues that the court entered with provision "without consideration of arguments concerning whether the public interest outweighed . . . the non party police privacy interest."  (Dkt. No. 53 at 5.)  Plaintiff, however, offers no argument in support of reconsideration.  Moreover, the court has in fact balanced the public and private interests at issue and finds that the balance of those interests tips overwhelmingly in favor of keeping private the birth dates, social security numbers, driver's license numbers and home addresses of these police officers.  Accordingly, plaintiff's motion for reconsideration is denied as to this request.

/////
/////
/////

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 18, 2016 motion for reconsideration (Dkt. No. 53) is granted in part and denied in part; and

2. Paragraph number 6 of the January 22, 2016 protective order is modified to read as follows:

> Should a party intend to file Confidential Material with the court, as an exhibit to a pleading or otherwise, that party must first notify all other parties (defendants through their attorneys or plaintiff pro se), in writing and filed with the court, no less than fourteen days before the intended filing date, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal. No document shall be filed under seal unless a party secures a court order allowing the filing of a document under seal in accordance with the provisions of E.D. Local Rule 141.

Dated: April 12, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

BVD/hicks0669.mot.recon.ord