UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE EDWARD HICKS, | No. 2:14-cv-0669 CKD PS (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

On March 29, 2016, plaintiff filed a notice of motion for default judgment and terminating sanctions premised on the defendants' alleged failure to produce documents in compliance with the court's January 22, 2016 order. (Dkt. No. 76.) On April 15, 2016, plaintiff filed a notice of intent to file Confidential Material with the court in support of his motion. (Dkt. No. 82.) Specifically, plaintiff's notice states that he intends to file Bates numbers 1-2825, a "VIEVU video" related to the matter of Moore v. City of Vallejo, and a "VIEVU video" related to a police encounter between Vallejo Police Officer Steve Darden and Vallejo resident Blake Robles. (Id. at 2.) On April 26, 2016, defendants filed a notice of request to file under seal significant portions of the applicable Bates numbered documents, as well as the Moore VIEVU video. (Dkt. No. 84.) Plaintiff filed an opposition to defendants' request on April 27, 2016. (Dkt. No. 86.)

Requests to seal documents in this district are governed by E.D. Cal. R. ("Local Rule") 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of

the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough under the local rules. "In particular, Local Rule 141(b) requires that the 'Request to Seal Documents' shall set forth the *statutory or other authority for sealing*[.]" Patriot Rail Corp. v. Sierra Railroad Company, No. 2:09-cv-0009 TLN AC, 2016 WL 492702, at *3 (E.D. Cal. Feb. 9, 2016) (emphasis in original) (citation omitted).

The court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101.

Here, the items sought to be filed under seal concern the parties' discovery dispute, the documents appear to be only tangentially related to the merits of this action and, therefore, the "good cause" standard applies.[1] See Foltz, 331 F.3d at 1135 ("In short, 'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.").

---

[1] Although plaintiff's motion is styled as a motion for default, the court has no intention of ordering defendants' default or granting terminating sanctions. In this regard, even assuming arguendo that plaintiff's allegations are accurate, this is not the kind of extreme circumstances justifying terminating sanctions. See North American Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986) ("The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case."). The court, however, will thoroughly consider plaintiff's argument that the defendants have failed to comply with the court's prior order and, if persuaded, will issue an order providing plaintiff any appropriate relief short of terminating sanctions.

Moreover, a review of the items sought to be filed under seal finds that they include documents related to non-party juveniles, Vallejo Police Department Internal Affairs investigations of complaints involving non-parties, as well as a video depicting the death of a non-party. In this regard, the court finds good cause to grant defendants' motion.[2]

Accordingly, IT IS ORDERED that:

1. Defendants' April 26, 2016 request to seal (Dkt. No. 84) is granted;

2. Defendants shall contact the Clerk of the Court to submit the appropriate items for filing under seal; and

3. Plaintiff shall not file on the public docket any item ordered filed under seal.

Dated:  April 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

BVD\hicks0669.mot.seal.ord

---

[2] Additionally, it is entirely unclear to the court how any of these items support plaintiff's argument that the defendants failed to produce to plaintiff all responsive documents in compliance with the court's January 22, 2016 order. Plaintiff is cautioned that his filings should not include unnecessary or inappropriate attachments but should instead focus on providing important facts and persuasive arguments.

3