UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE EDWARD HICKS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF VALLEJO, et al.,<br><br>  Defendants. | No. 2:14-cv-0669 DB PS<br><br><br>ORDER |

This matter came before the court on July 13, 2016, for the hearing of defendants' motion for partial summary judgment.[1] (ECF No. 106.) Plaintiff's third amended complaint alleges, generally, that plaintiff was subjected to unlawful search and seizure, unlawful arrest, excessive force, and the unlawful impoundment of his vehicle. Assistant City Attorney Kelly Trujillo appeared on behalf of the defendants. Plaintiff Tyrone Hicks appeared on his own behalf. After hearing oral argument, defendants' motion was taken under submission.[2]

Having reviewed defendants' motion, the documents filed in support and opposition, and the arguments made at the July 13, 2016 hearing, defendants' motion will be granted in part and denied in part. In this regard, THE COURT FINDS AS FOLLOWS:

////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 25.)

[2] This matter was reassigned from the previously assigned Magistrate Judge to the undersigned on August 2, 2016. (ECF No. 107.)

1

PARTIES' UNDISPUTED FACTS

On March 30, 2012, the vehicle plaintiff was driving was stopped by Vallejo Police Department officer Sean Kenney and Cpl. Postolaki, ("defendant officers"), in the city of Vallejo. The defendant officers spoke with plaintiff and his passenger. Plaintiff was arrested for possession of cocaine base for sale, in violation of California Health and Safety Code § 1131.5, and transportation of a controlled substance, in violation of California Health and Safety Code § 11352. Those charges, however, were dismissed after plaintiff agreed to a waiver pursuant to People v. Harvey, 25 Cal.3d 754 (Cal. 1979), as part of separate criminal case.[3] (Pl.'s Resp. to Defs.' SUDF (ECF No. 102) 1, 5, 15, 16, 17.[4])

PROCEDURAL BACKGROUND

Plaintiff commenced this action on March 12, 2014, by filing a complaint along with a motion to proceed in forma pauperis. (ECF Nos. 1 & 3.) Plaintiff is proceeding on the third amended complaint filed May 21, 2015. (ECF No. 33.) Therein, plaintiff alleges that defendants Kenney and Postolaki subjected plaintiff to unlawful seizure, unlawful search, unlawful arrest, excessive force, and the unlawful impoundment of his vehicle. (3rd Am. Compl. (ECF No. 27) at 5.[5]) The Third amended complaint also alleges that defendant "City of Vallejo has a longstanding, practice, policy or custom of allowing police officers to use excessive force." (Id. at 6.)

On June 26, 2015, defendants' answer filed May 6, 2015, was deemed the answer to plaintiff's third amended complaint. (ECF No. 33.) On June 8, 2016, defendants filed the pending motion for partial summary judgment. (ECF No. 96.) On June 29, 2016 plaintiff filed an unsigned opposition and a response to defendants' statement of undisputed facts. (ECF Nos. 101

---

[3] Under California law, a Harvey waiver permits a sentencing court to consider the facts underlying counts that are dismissed pursuant to a plea bargain, as well as in some cases other facts set forth in the probation report including those involving the background of the case, in determining the appropriate disposition as to the offense of which the defendant stands convicted. People v. Harvey, 25 Cal.3d 754 (1979); see also People v. Mosher, 50 Cal.App.4th 130, 132-33 (1996).
[4] Citations here are to the specific numbered undisputed fact asserted.
[5] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

& 102.)  Plaintiff filed a signed opposition on July 5, 2016.  (ECF No. 104.)  Defendants filed a reply on July 6, 2016.  (ECF No. 105.)

## LEGAL STANDARDS

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.); see also Fed. R. Civ. P. 56(c)(1)(B).

Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

1  existence of this factual dispute, the opposing party may not rely upon the allegations or denials
2  of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
3  admissible discovery material, in support of its contention that the dispute exists. See Fed. R.
4  Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
5  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
6  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
7  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
8  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
9  party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

10  In the endeavor to establish the existence of a factual dispute, the opposing party need not
11  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
12  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
13  trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
14  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
15  Matsushita, 475 U.S. at 587 (citations omitted).

16  "In evaluating the evidence to determine whether there is a genuine issue of fact," the
17  court draws "all reasonable inferences supported by the evidence in favor of the non-moving
18  party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is
19  the opposing party's obligation to produce a factual predicate from which the inference may be
20  drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
21  aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing
22  party "must do more than simply show that there is some metaphysical doubt as to the material
23  facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the
24  nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation
25  omitted).
26  ////
27  ////
28  ////

ANALYSIS

I. **Unlawful Seizure**

The third amended complaint alleges that the defendant officers stopped plaintiff "without reasonable suspicion of criminal activity or a . . . traffic violation." (ECF No. 27 at 7.) A traffic stop is a seizure under the Fourth Amendment. Whren v. United States, 517 U.S. 806, 809-10 (1996). The Constitution protects individuals "against unreasonable searches and seizures." Id. at 810. "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Id. "The fact that the alleged traffic violation is a pretext for the stop is irrelevant, so long as the objective circumstances justify the stop." United States v. Fowlkes, 804 F.3d 954, 971 (9th Cir. 2015) (quoting United States v. Wallace, 213 F.3d 1216, 1219 (9th Cir. 2000)).

Here, defendants have offered evidence that plaintiff's vehicle was stopped because it "was traveling in the opposition traffic lane" and because plaintiff was not wearing his seatbelt. (Kenney Decl. (ECF No. 96-4) at 2.) Plaintiff, however, has provided a declaration, signed under penalty of perjury, stating that he was not driving "in a manner that would violate any California traffic laws," and was in fact wearing his seatbelt. (Pl.'s Decl. (ECF No. 104) at 9.)

Accordingly, as defense counsel conceded at the July 13, 2016 hearing, there is a dispute of material fact as to whether plaintiff was stopped without probable cause. See generally Glair v. City of Santa Monica, 649 Fed. Appx. 411, 412-13 (9th Cir. 2016) (summary judgment not appropriate where "while the district court concluded that it was undisputed that Glair placed his hands in his pockets during the stop, Glair stated in his declaration that he never placed his hands in his pockets and that he was not aggressive toward Wilkening").

Defendants' motion for partial summary judgment is, therefore, denied as to the third amended complaint's claim of unlawful seizure.

II. **Unlawful Search**

The third amended complaint alleges that defendant Postolaki "pat searched" plaintiff and that the defendant officers searched plaintiff's vehicle without his consent. (3rd Am. Compl. (ECF No. 27) at 7-8.) Defendants' motion for partial summary judgment asserts that when

defendant "Postolaki first approached plaintiff, plaintiff advised Cpl. Postolaki that he was on parole for possession of cocaine." (Defs.' MSJ (ECF No. 96-1) at 10.) In this regard, defendants note that, in California, parolees of the state prison are subject to search without cause. (Id.) Moreover, defendants have provided a declaration from defendant Postolaki stating that he confirmed that plaintiff was "on active CDC parole" after conducting the search of plaintiff and his vehicle. (Postolaki Decl. (ECF No. 96-3) at 2-3.)

However, "police officers cannot retroactively justify a suspicionless search and arrest on the basis of an after-the-fact discovery of an arrest warrant or a parole condition." Moreno v. Baca, 431 F.3d 633, 641 (9th Cir. 2005); see also Samson v. California, 547 U.S. 843, 857 n.5 (2006) ("an officer would not act reasonably in conducting a suspicionless search absent knowledge that the person stopped for the search is a parolee"); U.S. v. Grandberry, 730 F.3d 968, 975 (9th Cir. 2013) ("Samson left open . . . the possibility that a parolee subject to a search condition could challenge searches conducted by officers who lacked 'knowledge that the person stopped for the search is a parolee'"); U.S. v. Caseres, 533 F.3d 1064, 1075-76 (9th Cir. 2008) ("The search condition validates a search only if the police had advance knowledge that the search condition applied before they conducted the search."); Fitzgerald v. City of Los Angeles, 485 F.Supp.2d 1137, 1143 (C.D. Cal. 2007) ("advance knowledge of a parolee's status is critical to the constitutionality of a suspicionless search of a parolee").

Here, plaintiff again declares, under penalty of perjury, that "[d]uring the stop [he] did not tell City Defendants that [he] was on parole." (Pl.'s Decl. (ECF No. 104) at 9.) Accordingly, as defense counsel conceded at July 13, 2016 hearing, there is a dispute of material fact as to whether the defendants subjected plaintiff to an unlawful search. Defendants' motion for partial summary judgment is, therefore, denied with respect to the third amended complaint's claim that the defendants subjected plaintiff to an unlawful search.

With respect to the search of plaintiff's vehicle, "[o]fficers may conduct a warrantless search of an automobile, including containers within it, when they have probable cause to believe that the vehicle contains contraband or evidence of criminal activity." United States v. Williams, 837 F.3d 1016, 1025 (9th Cir. 2016). For the reasons explained below, the court finds that

defendants had probable cause to believe plaintiff's vehicle contained contraband. Defendants' motion for partial summary judgment is, therefore, granted as to the third amended complaint's claim that defendants unlawfully searched plaintiff's vehicle.

### III. Unlawful Arrest

The third amended complaint alleges that the defendants subjected plaintiff to an unlawful arrest. (3rd Am. Compl. (ECF No. 27) at 5.) "[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir.1988)). As the Ninth Circuit has recognized, the federal standard for probable cause to arrest is as follows:

> "The test for whether probable cause exists is whether 'at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense.'"

Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. 2007) (quoting United States v. Jensen, 425 F.3d 698, 704 (9th Cir. 2005) (citation omitted), *cert. denied*, 547 U.S. 1056 (2006)); see also Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1147 (9th Cir. 2012); Allen v. City of Portland, 73 F.3d 232, 237 (9th Cir. 1995).

Here, plaintiff was arrested for allegedly violating California Health and Safety Code § 11351.5 and § 11352. (Pl.'s SUDF (ECF No. 102) at 15.) § 11351.5 prohibits the possession for sale of cocaine base. "[A]n individual may possess a controlled substance even though the substance is not on his person at the time of arrest." U.S. v. Disla, 805 F.2d 1340, 1350 (9th Cir. 1986). § 11352 prohibits the transportation for sale or giving way of controlled substances, including cocaine.

Defendants have produced evidence that plaintiff was stopped with a passenger, the passenger was found to have five baggies of rock cocaine, the passenger told the defendant officers that plaintiff told the passenger the police were pulling them over and gave the baggies to the passenger. (Postolaki Decl. (ECF No. 96-3) at 2-3; Kenney Decl. (ECF No. 96-4) at 2-3.)

1   Moreover, the baggies were "consistent" and no smoking paraphernalia was located on plaintiff

2   or in his vehicle. (Postolaki Decl. (ECF No. 96-3) at 3; Kenney Decl. (ECF No. 96-4) at 3.)

3   Plaintiff has produced no evidence to contradict defendants' evidence with respect to this issue.

4         In this regard, defendants have produced evidence establishing that the defendant officers

5   had probable cause to believe that plaintiff had committed the offenses he was arrested for.[6]

6   See generally U.S. v. Carranza, 289 F.3d 634, 641 (9th Cir. 2002) ("a passenger's presence in a

7   vehicle carrying a commercial quantity of drugs across the border is enough to find probable

8   cause, even though such evidence without more is not enough to sustain a guilty verdict").

9         Accordingly, defendants' motion for partial summary judgment is granted as to the third

10  amended complaint's claim for unlawful arrest.

11  **IV.     Unlawful Impoundment**

12        The third amended complaint alleges that after the defendant officers arrested plaintiff,

13  they impounded his vehicle "[w]ithout a 'community caretaking' reason . . . ." (3rd Am. Compl.

14  (ECF No. 27) at 8.)

15        Under the community caretaking exception, 'police officers may impound vehicles that

16  jeopardize public safety and the efficient movement of vehicular traffic.'" U.S. v. Cervantes, 703

17  F.3d 1135, 1141 (9th Cir. 2012) (quoting Miranda v. City of Cornelius, 429 F.3d 858, 864 (9th

18  Cir. 2005)). "An impoundment may be proper under the community caretaking doctrine if the

19  driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle,

20  and also if it is necessary to remove the vehicle from an exposed or public location." Miranda,

21  429 F.3d at 865; cf. U.S. v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008) ("There was no

22  community caretaking rationale for the impoundment of Caseres's car. The car was legally

23  parked at the curb of a residential street two houses away from Caseres's home. The possibility

24  that the vehicle would be stolen, broken into, or vandalized was no greater than if the police had

---

[6] These same facts provided defendants with probable cause to believe that plaintiff's vehicle contained contraband or evidence of criminal activity. See U.S. v. Gourley, 267 Fed. Appx. 656, 658 (9th Cir. 2008) ("It was reasonable to infer that there would be drugs in the car given Detective Gregory's first-hand knowledge of Gourley's possession of methamphetamine and his experience that individuals who sell drugs often maintain contraband in their vehicle.").

not arrested Caseres as he returned home.").

Plaintiff argues in opposition to defendants' motion that his vehicle was "legally parked" in the parking lot of a business at the time he was arrested and that the arrest report makes no mention of the possibility of vandalism or theft. (Pl.'s Opp.'n (ECF No. 104) at 5.) The arrest report, however, does state that plaintiff's vehicle was located in "a violent neighborhood." (Id. at 12.)

Moreover, defendant Kenney has provided a declaration stating that plaintiff's vehicle was parked in lot that was "private property and [was] a target for vehicle theft." (Kenney Decl. (ECF No. 96-4) at 3.) Kenney "recalled previous operations where 'bait cars' were placed at this very parking lot in a . . . vehicle theft operation . . . ." (Id. at 3.) Defendants have also produced a declaration from Andy Bates, a Police Assistant with the Vallejo Police Department, establishing that from January 1, 2012, through July 1, 2012, there were nine vehicle thefts, six robberies, and a report of vandalism in the vicinity of where plaintiff's vehicle was parked. (Bates Decl. (ECF No. 96-5) at 2.) Plaintiff has produced no evidence to dispute the evidence defendants have produced.

In this regard, there is not a disputed issue of material fact as to the third amended complaint's claim that plaintiff's vehicle was unlawfully impounded. Accordingly, defendants' motion for partial summary judgment is granted as to the third amended complaint's claim for unlawful impoundment.

**V.     Monell Liability**

The third amended complaint alleges that defendant "City of Vallejo has a longstanding practice, pattern, policy or custom of allowing Vallejo Police Officers to use excessive force."[7] (3rd Am. Compl. (ECF No. 27) at 12.) Defendants' motion for summary judgment asserts that plaintiff has attempted to support this claim by simply "providing a laundry list of other lawsuits against the City of Vallejo and its officers." (Defs.' MSJ (ECF No. 96-1) at 19.)

////

---

[7] Defendants' motion for partial summary judgment does not seek summary judgment on the third amend complaint's claim that the defendant officers used excessive force against plaintiff.

9

Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality may be liable under § 1983 where the municipality itself causes a constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy[.]" Id. at 694. Therefore, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

However, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) *holding modified by* Navarro v. Block, 250 F.3d 729 (9th Cir. 2001). Nonetheless, the Ninth Circuit has "long recognized that a custom or practice can be 'inferred from widespread practices or "evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Hunter v. County of Sacramento, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (quoting Nadell v. Las Vegas Metro. Police Dep't, 268 F.3d 924, 929 (9th Cir. 2001)). "[E]*vidence* of inaction—specifically, failure to investigate and discipline employees in the face of widespread constitutional violations—can support an inference that an unconstitutional custom or practice has been unofficially adopted by a municipality." Hunter, at 1234 n. 8 (emphasis in original).

Here, plaintiff has not provided evidence of repeated constitutional violations. Instead, plaintiff relies on a list of lawsuits, most of which are pending and have not, at least as of yet, resulted in a finding of a constitutional violation. Moreover, in opposing defendants' motion, plaintiff offers no analysis of the issue but instead merely argues that discovery should be

////

////

1  reopened to permit plaintiff to conduct additional discovery.[8]  (Pl.'s Opp.'n (ECF No. 104) at 6.)

2  In this regard, there is no genuine dispute as to any material fact with respect to the third
3  amended complaint's Monell claim.  Defendants' motion for partial summary judgment is,
4  therefore, granted as to the third amended complaint's Monell claim.

FURTHER SCHEDULING

6  For the reasons stated above, this matter will proceed on the third amended complaint's
7  claims of unlawful seizure and excessive force against the officer defendants, as well as the claim
8  of unlawful search against defendant Postolaki.  Accordingly:

9  **1)    FINAL PRETRIAL CONFERENCE**

10  Final Pretrial Conference is **SET** for **March 31, 2017 at 1:30 p.m.** in courtroom no. 27
11  before the undersigned.  Trial counsel shall appear at the Final Pretrial Conference.

12  The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no
13  matters remaining to be accomplished except production of witnesses for oral testimony.  The
14  parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing
15  Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL
16  BE GROUNDS FOR SANCTIONS.

17  Notwithstanding the provisions of Local Rule 281, which contemplates the filing of
18  separate Pretrial Statements by plaintiff and defendant, the parties are to prepare a JOINT
19  STATEMENT with respect to the undisputed facts and disputed factual issues of the case.  The
20  undisputed facts and disputed factual issues are to be set forth in two separate sections.  The
21  parties should identify those facts which are relevant to each separate cause of action.  In this
22  regard, the parties are to number each individual fact or factual issue.  Where the parties are
23  unable to agree as to what factual issues are properly before the court for trial, they should
24  nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of
25  the parties and explain by parenthetical the controversy concerning each issue.  The parties should

---

[8] Plaintiff was granted more than an adequate amount of time to conduct discovery and plaintiff's request for additional discovery was denied by the previously assigned Magistrate Judge. (ECF No. 103 at 2.)

11

keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial. <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.</u> However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>. The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

////

////

////

keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial. <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.</u> However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>. The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

////

////

////

The parties are advised that a Settlement Conference may be scheduled when the Final Pretrial Conference is held.[9] The court may require that all parties proceeding pro se be present at the Settlement Conference. Such a settlement conference may be set before the undersigned, if both parties request that the undersigned participate in the conference and will waive any claim of disqualification on that basis. The parties may also request a settlement conference before another magistrate judge. See Local Rule 270(b).

**2) TRIAL SETTING**

Trial is set on **June 12, 2017 at 9:00 a.m.** in courtroom no. 27 before the undersigned. Trial will be by jury and is estimated to last 5 court days.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendants' motion for partial summary judgment (ECF No. 96) is denied in part and granted in part;

2. A Final Pretrial Conference is set for **March 31, 2017 at 1:30 p.m.** in courtroom no. 27 before the undersigned; and

3. This matter is set for a jury trial not to exceed 5 court days on **June 12, 2017 at 9:00 a.m.** in courtroom no. 27 before the undersigned.

Dated: January 30, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\hicks0669.msj.ord

---

[9] At any time prior to the Final Pretrial Conference, an early settlement conference may be set before the undersigned, or another magistrate judge who is randomly selected, if all parties agree to request an early settlement conference. Either party may initiate such a request by calling Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128. Information will be provided regarding the procedure to follow.