UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE EDWARD HICKS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF VALLEJO, et al.,<br><br>  Defendants. | No. 2:14-cv-0669 DB PS<br><br>ORDER |

A Final Pretrial Conference was set in this action for March 31, 2017. However, on February 17, 2017, service of a court order on plaintiff was returned as undeliverable. And on March 17, 2017, defense counsel filed a declaration stating that she had been unable to communicate with plaintiff despite her best efforts. (ECF No. 110.)

Accordingly, on March 21, 2017, the court issued an order vacating all dates set in this action, staying the matter, ordering plaintiff to provide a current address within thirty days, and warning plaintiff that the failure to respond would results in the dismissal of this action for lack of prosecution. (ECF No. 111.) The thirty-day period has expired and plaintiff has not responded to the court's order in any manner.[1]

////

---

[1] Although it appears from the docket that plaintiff's copy of the March 21, 2017 order was returned as not deliverable as addressed plaintiff was properly served. It is the plaintiff's responsibility to keep the court apprised of plaintiff's current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility.

////
////
////
////
////
////

2

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this action is lifted; and

2. This action is dismissed without prejudice due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Dated: May 31, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\hicks0669.dlop.ord